UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61193-RAR

**GARFIELD SPENCE**,

    Plaintiff,

v.

**ANTOJITOS MEXICANOS #1 INC.**,

    Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment [ECF No. 17] ("Motion"), filed on September 15, 2022. Having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

**BACKGROUND**

Plaintiff is a double amputee, which results in no use of his legs and requires him to use a wheelchair. [ECF No. 1] ¶ 6. Defendant is the "lessee, operator, owner and/or lessor" of Antojitos Mexicanos #1 Inc., a restaurant located at 3943 Davie Blvd., Fort Lauderdale, Florida 33312 ("Premises"). *Id.* at ¶ 4. Plaintiff visited the Premises in March of 2022 but was "denied full and equal access . . . and enjoyment" of the Premises and its amenities. *Id.* at ¶ 6. Specifically, Plaintiff claims that Defendant's accessible parking space, access aisle to the accessible parking space, curb ramp, service counters, entryway, restroom, toilet, toilet paper dispenser, restroom sink, restroom mirror, soap dispenser, and restroom door all fail to adhere to readily accessible and usable standards for disabled individuals. *Id.* at ¶ 22.

On June 6, 2022, Plaintiff filed his Complaint, [ECF No. 1], alleging Defendant violated the Americans with Disabilities Act ("ADA") due to these specific violations referenced in the 2010 ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. § 36:

**Accessible Parking Space**

a. Accessible parking space is missing an identification sign in violation of § 502.6 of the ADAAG.
b. Accessible parking space is inadequately marked such that patrons are unable to gauge the width of accessible parking spaces and the presence of an access aisle in violation of § 502.1 of the ADAAG.
c. Access aisle to the accessible parking space does not extend the full length of the accessible space in violation of § 502.3.2 of the ADAAG.
d. Accessible parking space lacks the required dimensions for a van-accessible parking space as set out in § 502.2 of the ADAAG.
e. Accessible parking space's access aisle is improperly located on the driver side instead of the passenger side in violation of § 502.3.4 of the ADAAG.
f. Access aisle is not level due to the accessible ramp jutting into the access aisle in violation of § 502.4 of the ADAAG.
g. Accessible curb ramp is protruding into the accessible aisle of the accessible parking space in violation of § 406.5 of the ADAAG.
h. Accessible ramp contains a vertical rise in excess of one fourth of an inch in violation of §§ 303.2 and 405.4 of the ADAAG.
i. Access aisle is improperly maintained with rocks and a small palm tree impeding access in violation of §§ 303.2 and 502.4 of the ADAAG.

**Restaurant**

j. Service and sales counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of § 904.4 of the ADAAG.
k. Accessible entrance doorway lacks adequate maneuvering clearances due to the proximity of the door to the bar in violation of § 402.2.4.1 of the ADAAG.

**Restroom**

l. Restroom lacks signage in compliance with §§ 216.8 and 703 of the ADAAG.
m. Door hardware providing access to the restrooms requires tight grasping and twisting of the wrist in violation of § 404.2.7 of the ADAAG.
n. Hand-operated flush control is not located on the open side of the accessible toilet in violation of § 604.6 of the ADAAG.
o. The distance of the centerline of the toilet is more than 18" from the side wall. As a result, the toilet is not adequately positioned from the side wall or partition positioning in violation of § 604.2 of the ADAAG.
p. Toilet paper dispenser in the restroom is located outside of the prescribed 48-inch height range set forth in § 604.9.6 of the ADAAG.

    q. Toilet paper dispenser in the restroom is not positioned seven to nine inches in front of the toilet and therefore is in violation of § 604.7 of the ADAAG.
    r. Restrooms have a sink with inadequate knee and toe clearance in violation of § 306 of the ADAAG.
    s. Height of the bottom edge of the reflective surface of the mirror in the bathroom is above the 40-inch maximum height permitted by § 603.3 of the ADAAG.
    t. Soap dispenser in the restroom is located higher than 48 inches above the finished floor, which is outside the prescribed vertical reach ranges set forth in § 308.2.1 of the ADAAG.
    u. Door exiting the restroom lacks a clear minimum maneuvering clearance, due to a policy of storing objects within 18 inches of the door hardware, in violation of § 404.2.4 of the ADAAG.

*Id.* at ¶ 22. Plaintiff alleges that fixing these violations is "readily achievable." *Id.* at ¶ 25. Moreover, Plaintiff claims he will "absolutely return" to the Premises when Defendant's restaurant becomes ADA-compliant. *Id.* at ¶¶ 7, 12.

Plaintiff filed his Complaint on June 22, 2022. [ECF No. 1]. Defendant was served with process on July 13, 2022. [ECF No. 6]. On July 28, 2022, the Court entered an Order Striking Defendant's Responsive Pleading because Defendant, a corporation, appeared *pro se*. [ECF No. 9] ("Order"). In the Order, the Court required Defendant to obtain counsel no later than August 12, 2022. *Id*. The Court cautioned Defendant that failure to obtain counsel by that date could result in the entry of default against Defendant. *Id*. at 2. To date, there is no indication that Defendant has retained counsel, nor has Defendant requested an extension of time to do so. Plaintiff subsequently filed his Motion for Default Judgment. [ECF No. 17].

According to his Motion, Plaintiff seeks an order from the Court declaring that Defendant's premises is in violation of the ADA; requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA within six months; and awarding reasonable attorney's fees and costs. *Id.* Plaintiff seeks an award of his attorney's fees and costs in the amount of $5,177.00 with an hourly billable rate of $475 per hour. *Id.*

## **LEGAL STANDARD**

A party may apply to the Court for a default judgment when the defendant fails to timely respond to a pleading. FED. R. CIV. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the Court. *Mierzwicki v. CAB Asset Management LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014) (citation omitted). Therefore, a court may only enter a default judgment if there is a "sufficient basis to state a claim." *Id.*

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017); *see also Molina v. SMI Security Mgmt., Inc.*, No. 11-24245, 2013 WL 12092072, at *5 (S.D. Fla. July 15, 2013) (citing *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985)) ("A court need not conduct an evidentiary hearing to determine the amount of damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits.") (internal quotations omitted). Therefore, where the record adequately supports the award of relief, an evidentiary hearing is not required. *See SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also PetMed Express*, 336 F. Supp. 2d at 1217, 1223 (finding an evidentiary hearing unnecessary because plaintiff was seeking statutory damages under the

Lanham Act); *Luxottica Group S.p.A. v. Casa Los Martinez Corp.*, No. 14-22859, 2014 WL 4948632, at *2 (S.D. Fla. Oct. 2, 2014) (same).

## ANALYSIS

### i. ADA

Title III of the ADA provides that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under the ADA, a plaintiff must allege that "(1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA."[1] *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). "Further, if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to show that it is a barrier prohibited by the ADA, the removal of which is readily achievable."[2] *Hoewischer v. Park Shopping, Ltd.*, No. 10–cv–810–J–37JBT, 2011 WL 4837259, at *2 (quoting *Pinero v. 4800 W. Flagler, L.L.C.,* No. 09–21349, 2011 WL 346082, at *3 (S.D. Fla. Jan. 11, 2011)) (internal quotations omitted).

---

[1] "For alterations of premises, the ADA defines discrimination as 'a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.'" *Norkunas*, 444 F. App'x at 416 (quoting 42 U.S.C. § 12183(a)(2)).

[2] "'Readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." *Hoewischer*, 2011 WL 4837259, at *2 (citing 42 U.S.C. § 12181(9)). Here, given that the Premises were not readily accessible to and usable by individuals with disabilities, Defendant is deemed to have intentionally discriminated against Plaintiff. *See* 42 U.S.C. § 12183(a)(2). Plaintiff has also established that the modifications to the Premises are readily achievable. [ECF No. 17].

### ii. Equitable Relief Under the ADA

Because Defendant violated the ADA, Plaintiff seeks equitable relief against Defendant, specifically an injunction requiring Defendant to modify the Premises to accommodate disabled persons. "A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Upon review of the Complaint and Motion, the Court finds that Plaintiff is entitled to the equitable relief sought here.

Plaintiff seeks relief in the form of a permanent injunction, which directs Defendant to take all necessary steps to bring its public property located at 3943 W. Davie Blvd., Ft. Lauderdale, Florida 33312 into full compliance with the requirements set forth in the ADA so that its property is fully accessible to disabled individuals within six months. The Complaint alleges that Plaintiff is a double amputee, which results in no use of his legs and requires him to use a wheelchair, while Defendant is the "lessee, operator, owner and/or lessor" of Antojitos Mexicanos #1 Inc. [ECF No.1] ¶ 6. Defendant violated the ADA by failing to maintain its property in a manner accessible to disabled consumers. *Id.* Because "a defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," Plaintiff's request for injunctive relief warrants entry of a final default judgment. *Eagle Hosp. Physicians*, 561 F.3d at 1307.

### iii. Attorney's Fees and Costs

As the prevailing party in this action, the Court may award Plaintiff his reasonable attorney's fees and costs under 42 U.S.C § 12205. The reasonableness of attorney's fees in this

circuit is determined by the lodestar method, whereby the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "Although a district court has wide discretion in performing these calculations, [t]he court's order on attorney's fees must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Loranger*, 10 F.3d at 781 (citation and internal quotations omitted) (alteration in original).

"The first step in the computation of the lodestar is determining the reasonable hourly rate." *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stevenson*, 465 U.S. 886, 895-96 n.11 (1984)). "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Loranger*, 10 F.3d at 781 (citation and internal quotations omitted). "Satisfactory evidence" requires more than the affidavit of the attorney performing the work. *Id.* "The [c]ourt may use its own experience in assessing the reasonableness of attorney's fees." *Tillman v. Advanced Public Safety, Inc.*, No. 15-81782, 2018 WL 572929, at *2 (S.D. Fla. Nov. 2, 2018) (citing *Norman*, 836 F.2d at 1299).

Here, Plaintiff's counsel requests $475.00 per hour for his work. *See* Motion [ECF No. 17]. Upon careful review, the Court finds this rate to be unreasonable. *See Caplan v. All American Auto Collision, Inc.*, 36 F.4th 1083 (11th Cir. 2022) (affirming the district court's 75% reduction of attorney's fees across the board and a reduction in plaintiff's counsel's hourly rate). Plaintiff's counsel has not produced any evidence that his requested rate is in line with prevailing market rates; he has only provided a conclusory affidavit, which includes a time sheet of his billable

hours. *Id.*; *see also Loranger*, 10 F.3d at 781. Therefore, Plaintiff's counsel has failed to meet his burden in this regard. *Id.*

In *Caplan*, the Eleventh Circuit affirmed a district court's reduction of plaintiff's counsel's hourly rate from $420 per hour to $350 per hour. *See Caplan*, 36 F.4th at 1089. The Florida Bar website lists the plaintiff's counsel in that case, Ronald Stern, as having nearly 17 years of experience to date. By contrast, the Florida Bar website lists Plaintiff's counsel in this case, Mr. Leal, as having five years of experience. Plaintiff's counsel here did not include any explanation in his Motion as to why he should be awarded $475 per hour for his work on this case, which is well above the market rate for even an experienced ADA attorney in this district. Therefore, the Court determines, based on its experience and survey of ADA caselaw in this district, that an hourly billable rate of $250 per hour is reasonable for Mr. Leal's work here. *See also Hansen v. Deer Creek Plaza, LLC*, 420 F. Supp. 2d 1346, 1351 (S.D. Fla. 2006) (awarding an hourly rate of $225 to an attorney who had "approximately two to three years of experience during the time she worked" on the litigation).

After determining the reasonable hourly rate, the court must determine the reasonable number of hours expended in the litigation. *See Loranger*, 10 F.3d at 782. "[T]he burden rests on [the requesting party] to submit a request for fees that will enable the court to determine what time was reasonably expended on the federal litigation." *Id.* (citation omitted). That burden includes providing "specific and detailed evidence" so the court can accurately determine the time spent on the different claims and the general subject matter of the time expenditures. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citation omitted). "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citation omitted).

"The reasonableness of the hours expended depends on counsel's billing judgment, that is, the exclusion of hours that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Id.* (quoting *Norman*, 836 F.2d at 1301) (internal quotations omitted). The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1299. Here, Plaintiff's counsel claims he expended 7 hours in this litigation. Motion [ECF No. 17]. The Court finds that the hours claimed by Plaintiff's counsel are reasonable for this relatively simple case and the posture of the litigation. Further, Plaintiff's counsel adequately annotated his time entries as shown in his Motion. *Id.*

Given the reasonableness of the hours spent by Plaintiff's counsel, coupled with the Court's adjustment of his hourly billable rate to $250 per hour—which is more in-line with the market rate for an attorney with five years' experience practicing in the field of ADA litigation—Plaintiff is entitled to recover $1,750.00 in attorney's fees. The Court now turns to Plaintiff's costs.

"Rule 54(d)(1) [of the Federal Rules of Civil Procedure] provides that costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (internal quotations omitted). As the prevailing party, Plaintiff requests the Court award $452.00 in costs for filing the Complaint and serving Defendant. The Court finds Plaintiff is entitled to such recovery. *See Raetano v. GGK, L.L.C.*, No. 07–CV–1543–T–30EAJ, 2008 WL 2025292, at *2 (citing 28 U.S.C. § 1921; *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)) (finding plaintiff may recover a process server fee up to $45.00 and the cost of filing the complaint).

The cost of a pre-suit investigatory inspection is also recoverable, when reasonable and supportable. *Hansen*, 420 F. Supp. 2d at 1354. As part of his investigative costs in this case, Plaintiff requests the Court award $1,400 for his ADA Consultant fee. *See* Motion [ECF No. 17]. Yet, Plaintiff's counsel's Motion is severely deficient in explaining what services the consultant rendered, how those services supported this litigation, and what the hourly rate for those services was. *Id.* Moreover, Plaintiff's counsel has not established that his consultant's services were necessary nor that the fee was reasonable; Plaintiff's counsel's affidavit in support of fees and costs fails to provide any detail whatsoever, and there is no accompanying affidavit from his ADA Consultant explaining the work performed or services rendered in this case. Given this lack of evidentiary support, the Court will only award Plaintiff's counsel half of his requested ADA Consultant fee—$700.

In sum, at an hourly billable rate of $250 per hour for seven hours of work, and with $452 in filing costs and $700 for consulting fees, the Court awards Plaintiff a total of $2,902.00 in attorney's fees and costs.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a final judgment will be entered by separate order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**